Dear Ms. Daniels:
You ask this office to advise if you may receive reimbursement for your services as a volunteer firefighter for Ward 7 Fire Protection District in Bienville Parish.
Our response to your question is in the affirmative, as this office has previously determined that reimbursement is allowable as long as it isnominal.[1] This office has also previously determined that a fire protection district "may pay its volunteer firefighters a flat fee for each emergency that they respond to during off hours", although the amount of the flat fee was not at issue in the opinion.[2]
Our research indicates that while state law does not specifically define what constitutes a "nominal fee," the federal regulations implementing the federal Fair Labor Standards Act provide guidance for determining whether a fee paid a volunteer[3] is nominal.29 C.F.R. § 553.106 states:
 § 553.106 Payment of expenses, benefits, or fees.
 (a) Volunteers may be paid expenses, reasonable benefits, a nominal fee, or any combination thereof, for their service without losing their status as volunteers.
 (b) An individual who performs hours of service as a volunteer for a public agency may receive payment for expenses without being deemed *Page 2 
an employee for purposes of the FLSA. A school guard does not become an employee because he or she receives a uniform allowance, or reimbursement for reasonable cleaning expenses or for wear and tear on personal clothing worn while performing hours of volunteer service. (A uniform allowance must be reasonably limited to relieving the volunteer of the cost of providing or maintaining a required uniform from personal resources.) Such individuals would not lose their volunteer status because they are reimbursed for the approximate out-of-pocket expenses incurred incidental to providing volunteer services, for example, payment for the costs of meals and transportation expenses.
 (c) Individuals do not lose their status as volunteers because they are reimbursed for tuition, transportation and meal costs involved in their attending classes intended to teach them to perform efficiently the services they provide or will provide as volunteers. Likewise, the volunteer status of such individuals is not lost if they are provided books, supplies, or other materials essential to their volunteer training or reimbursement for the cost thereof.
 (d) Individuals do not lose their volunteer status if they are provided reasonable benefits by a public agency for whom they perform volunteer services. Benefits would be considered reasonable, for example, when they involve inclusion of individual volunteers in group insurance plans (such as liability, health, life, disability, workers' compensation) or pension plans or "length of service" awards, commonly or traditionally provided to volunteers of State and local government agencies, which meet the additional test in paragraph (f) of this section.
 (e) Individuals do not lose their volunteer status if they receive a nominal fee from a public agency. A nominal fee is not a substitute for compensation and must not be tied to productivity. However, this does not preclude the payment of a nominal amount on a "per call" or similar basis to volunteer firefighters. The following factors will be among those examined in determining whether a given amount is nominal: The distance traveled and the time and effort expended by the volunteer; whether the volunteer has agreed to be available around-the-clock or only during certain specified time periods; and whether the volunteer provides services as needed or throughout the year. An individual who volunteers to provide periodic services on a year-round basis may receive a nominal monthly or annual stipend or fee without losing volunteer status.
 (f) Whether the furnishing of expenses, benefits, or fees would result in individuals' losing their status as volunteers under the FLSA can only be determined by examining the total amount of payments made (expenses, *Page 3 
benefits, fees) in the context of the economic realities of the particular situation.
In Wage and Hour Opinion Letter FLSA2006-28 issued by the U.S. Department of Labor, Employment Standards Administration, Wage and Hour Division, (copy enclosed), the Department addressed what constitutes a "nominal fee" paid volunteer firefighters under the regulations:
 . . . Accordingly, nothing in the statutory language would directly preclude the payment of nominal per call or even per shift fees to volunteer firefighters as section 553.106(e) specifically provides that a nominal fee can be paid on a "per call" or similar basis for volunteer firefighters.
 Please also see Wage and Hour Opinion Letter FLSA2005-51 (Nov. 10, 2005) that contains a recent discussion of the Department's consideration of what payment constitutes a nominal fee for determining an individual's volunteer status. That opinion letter expounds upon the "economic realities" test in the context of school systems and those volunteering by assisting with extra-curricular activities, such as coaching sports or sponsoring various clubs. Specifically, this letter states that when a public agency employee volunteers as a coach or extracurricular advisor, the Department will presume the fee paid is nominal as long as the fee does not exceed 20 percent of what the public agency would otherwise pay to hire a full-time coach or extracurricular advisor for the same services. This 20 percent rule is derived from the FLSA and implementing regulations. See Wage and Hour Opinion Letter FLSA2005-51 ("The FLSA and the implementing regulations use a 20 percent test to assess whether something is insubstantial with regard to prohibited driving on public roadways by employees who are 17 years of age."). A willingness to volunteer for 20 percent of the prevailing wage for the job is also a likely indication of the spirit of volunteerism contemplated by the 1985 amendments to the FLSA. We believe this interpretation of "nominal fee" applies equally in the context of firefighters.
 Finally, the regulations instruct that any nominal fees must be considered in the context of any other benefits or expenses paid and the economic reality of the particular situation. Indeed, section 553.106(f) sets forth the "economic realities" test, which specifically provides that the determination of whether the expenses, benefits or fees would preclude an individual from qualifying as a volunteer under the FLSA must be made by examining the total amount of payments in the context of the economic realities of a particular situation.
 * * * * * *Page 4 Applying the recent interpretation of "nominal fee" in Wage and Hour Opinion Letter FLSA2005-51, generally an amount not exceeding 20 percent of the total compensation that the employer would pay to employ a full-time firefighter for performing comparable services would be deemed nominal. Thus, in questions 1 through 6, a nominal fee could be 20 percent or less of the total compensation that County A would pay for the same services. Assuming the fee is determined to be nominal, it is less relevant whether it is paid on an annual, monthly or daily basis. As was stated in Wage and Hour Opinion Letter FLSA2005-51, the market information necessary to complete this good faith determination is generally within your members' knowledge and control. Any full-time firefighter a particular fire department has on its payroll would be a good benchmark for this calculation.
The Board governing Ward 7 Fire Protection District in Bienville Parish has the authority to "do all things necessary to carry out the purposes for which the district was created." See R.S. 40:1499. Thus, it is within the authority of the Board to decide which expenditures are permissible under law. In the context of your inquiry, the Board must examine "the economic realities of a particular situation" and decide what payment to a volunteer firefighter is "nominal", in light of the criteria set forth in 29 C.F.R. § 553.106.
An official opinion letter defining what constitutes a "nominal fee" under federal law may be obtained from the U.S. Department of Labor, Employment Standards Administration, Wage and Hour Division, Frances Perkins Building, 200 Constitution Avenue, NW, Washington, DC 20210 ( 1-877-889-5627). Current opinion letters concerning the FLSA are available on the U.S. Department of Labor website at http://www.dol.gov.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] See La. Atty. Gen. Op. 05-0097.
[2] See La. Atty. Gen. Op. 01-0062.
[3] 29 USCA 203(e)(4)(A) states:
(4)(A) The term "employee" does not include any individual who volunteers to perform services for a public agency which is a State, a political subdivision of a State, or an interstate governmental agency, if-(i) the individual receives no compensation or is paid expenses, reasonable benefits, or a nominal fee to perform the services for which the individual volunteered; and (ii) such services are not the same type of services which the individual is employed to perform for such public agency.